IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10942

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD LEE COOPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:95-CR-158-Y)

_____

August 8, 1997

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

At sentencing, the district court explained that letters from victims of Ronald Lee Cooper's fraud contributed to his decision to deny Cooper's motion for downward departure. Cooper urges us to review his sentence because the district court did not summarize the letters in writing or provide the defense with copies and did not give him a reasonable opportunity to comment on the letters as required by Fed. R. Crim. P. 32(c)(3)(A).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"This court will not review a district court's refusal to depart from the sentencing guidelines unless a district court's refusal is a violation of the law." United States v. Fonts, 95 F.3d 372, 373 (5th Cir. 1996) (per curiam). "A refusal to depart is a violation of law only if the court mistakenly assumed it lacked the authority to depart." United States v. Flanagan, 87 F.3d 121, 125 (5th Cir. 1996). Indeed, "[t]he imposition of a lawful sentence coupled with the decision not to depart from the guidelines provides no ground for relief." United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995) (per curiam) (citing United States v. Miro, 29 F.3d 194, 198-99 (5th Cir. 1994)). The district court's statement indicates that it was not under the impression that the law prohibited a downward departure. Thus, we do not have jurisdiction to review the district court's ruling on Cooper's motion for downward departure.

Cooper also claims that his counsel provided constitutionally ineffective assistance. This is not one of the "rare cases where the record allows the court to fairly evaluate the merits" of this claim. See United States v. Fry, 51 F.3d 543, 545 (5th Cir. 1995). Cooper must pursue this theory on collateral review.

DISMISSED.